# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Spellman, | ) | Case No.: 9:17-2328 |
| | ) | |
| Plaintiffs, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Alice Mascio, South Carolina Department of Corrections Visitation Coordinator, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 29) recommending that this Court grant Defendant's motion for summary judgment as to Plaintiff's federal claim about the prison's visitation policy and remand Plaintiff's remaining state law claims back to state court for disposition. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

## I. Background and Relevant Facts

This case had been pending in state court since August 26, 2015. Defendant removed the case to this court when Plaintiff filed a document titled "Amendment" which asserted that Defendant's restriction of his visitation rights violated the Fourteenth Amendment. Defendant has now moved to dismiss Plaintiff's federal claim as moot because Plaintiff requested only injunctive relief with respect to this claim and has now been released from prison and is no longer in custody. The Magistrate Judge reviewed the record and confirmed that Plaintiff sought only declaratory or injunctive relief with respect to his federal visitation claim and that dismissal of the claim was therefore appropriate.

## II. Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 29) as the order of the Court. Defendant's motion for summary judgment is granted with respect to Plaintiff's

federal claim about the prison visitation policy. Plaintiff's remaining state law claims are hereby remanded to the state court for disposition.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 11, 2018
Charleston, South Carolina